UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GOMEZ, | No. 2:17-cv-1247 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| CDCR, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93

2

(2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Although supervisory government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), they may be individually liable under Section 1983 if there exists "either (1) [the supervisor's] personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). A plaintiff must also show that the

1 supervisor had the requisite state of mind to establish liability, which turns on the requirement of
2 the particular claim -- and, more specifically, on the state of mind required by the particular claim
3 -- not on a generally applicable concept of supervisory liability. Oregon State University Student
4 Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

III. Plaintiff's Complaint

Plaintiff, a quadriplegic, claims that on or about July 24, 2016, defendant Diaz threatened to retaliate against plaintiff "under his or one of his nurses who would take exception of his treatment and redress that exception grievance using an administration appeal." (ECF No. 1 at 3.) Diaz threatened to make living in Unit D/6B very difficult, or move plaintiff out of the unit, where plaintiff has resided for two years. Given plaintiff's serious medical issues, including his inability to walk, plaintiff claims Diaz's threats gripped plaintiff with fear, terror, stress and anxiety, which is increased because Diaz's office is directly across from plaintiff's cell, where plaintiff is reminded of Diaz's threats and their consequences by constantly seeing the whites of Diaz's eyes. Plaintiff claims these threats violate the First, Eighth, and Fourteenth Amendments. Plaintiff seeks money damages and costs of suit.

IV. Discussion

    A. Improper Defendants

Plaintiff names state agencies, the California Department of Corrections and Rehabilitation ("CDCR") and the California Health Care Facility, as defendants. However, plaintiff may not bring a section 1983 action against such defendants. See Brown v. California Dep't. of Corr., 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004) ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute.").

    B. No Charging Allegations

Plaintiff also names as defendants: Warden M. Martel; R. Recarey, Chief Medical Officer; and C. Dthatt, "CNE." (ECF No. 1 at 2.) However, plaintiff includes no charging

allegations as to these individuals. In addition, defendant Martel may not be held liable for the conduct of his subordinate employees simply because he is the warden. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013).

### C. Verbal Threats

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994), and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010).

Verbal threats, without more, are generally insufficient to state a Section 1983 claim for violation of the Eighth Amendment. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) (a "mere naked threat" from prison guards does not violate the Eighth Amendment). The Ninth Circuit has dismissed claims alleging prison guards were deliberately indifferent to a prisoner's safety in violation of the Eighth Amendment because the prisoner "did not allege that he had been assaulted or threatened by assault by other prisoners." Williams v. Wood, 223 Fed. Appx. 670, 671, 2007 WL 654223, *1 (9th Cir. 2007). The Ninth Circuit has also rejected an Eighth Amendment claim where guards labeled an inmate a "snitch" but the inmate had not been retaliated against. Morgan v. McDonald, 41 F.3d 1291, 1294 (9th Cir. 1994). In these cases the

Ninth Circuit reasoned that "speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm." Williams, 223 Fed. Appx. at 671. These cases do not stand for the proposition that injury is a necessary element of a failure to protect claim. Rather, in these cases, the plaintiffs failed to allege how a certain label resulted in a serious risk of harm and how that harm was known to the prison guard.

Here, plaintiff claims that defendant Diaz said he would make living in the unit "very difficult," but fails to articulate how or what Diaz would do. Although such threat was no doubt disturbing, plaintiff relies on speculative and generalized fears of harm. Plaintiff speculates that if Diaz took steps that impacted other inmates in the unit, plaintiff would be blamed for such difficulties, suggesting plaintiff might be at risk from such inmates based on plaintiff's statement that as a quadriplegic he is unable to protect himself. (ECF No. 1 at 3.) However, Diaz's threat is too generalized to determine whether it involved anyone other than plaintiff, and whether it constitutes a substantial risk of harm.

Plaintiff does allege how he would be impacted should defendant Diaz choose to move plaintiff out of the unit. However, inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). Thus, transferring plaintiff from his unit, standing alone, does not rise to the level of a constitutional violation.

Therefore, plaintiff's allegations based on Diaz's verbal threats fail to state a cognizable Eighth Amendment claim.

D. Retaliation

The gravamen of plaintiff's complaint is that defendant Diaz retaliated against plaintiff by threatening to make life difficult for plaintiff or to move plaintiff from his unit.

Although incarceration results in the "necessary withdrawal or limitation of many privileges and rights, . . . a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the

corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citation omitted).  "Retaliation against prisoners for their exercise of this right is itself a constitutional violation, and prohibited as a matter of 'clearly established law.'" Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Here, plaintiff's allegations fail to state a cognizable retaliation claim because he did not address all of the elements required under Rhodes.  The verbal threats allegedly made by defendant Diaz are sufficient to demonstrate adverse action,[1] the first prong of Rhodes.  But plaintiff does not clearly identify his protected conduct.[2]  In other words, plaintiff does not allege that defendant Diaz made the verbal threats because of plaintiff's protected conduct.  In order to state a claim, plaintiff must specifically identify his own protected conduct, and plead that

---

[1] For purposes of evaluating a retaliation claim, an adverse action is action that "could chill a person of ordinary firmness from continuing to engage in the protected activity[ ]." Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006).  See also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).  "The adverse action need not be an independent constitutional violation." Watison, 668 F.3d at 1114.  For example, an allegation by an inmate that he was transferred to another prison or placement because he engaged in protected conduct may state a cause of action for retaliation, even though the prisoner has no constitutionally-protected liberty interest in being held at or remaining at a particular facility.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).
   Without more, a "mere threat" made to convince an inmate "to *refrain* from pursuing legal redress" is not enough to state a cause of action for retaliation.  Gaut, 810 F.2d at 925 (emphasis added).  On the other hand, a "mere *threat*" if made in retaliation for the filing of a prison grievance, "can be an adverse action, regardless of whether it is carried out" because "the threat itself can have a chilling effect." Brodheim, 584 F.3d at 1270.  In the context of a retaliation claim, the threat need not be explicit or specific.  Id.

[2] Prisoners have a constitutional right to file prison grievances and pursue civil rights litigation in the courts.  See Rhodes, 408 F.3d at 567.  Prison officials may not retaliate against prisoners for exercising these rights.  Id. at 568; see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997).

7

defendant Diaz's allegedly adverse action was taken "because of"[3] plaintiff's protected conduct, in order to meet both the second and third elements of Rhodes.

In addition, plaintiff failed to address elements four and five of Rhodes. With respect to the fourth element, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity. . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

As to the fifth element, the Ninth Circuit has found that preserving institutional order, discipline, and security are legitimate penological goals which, if they provide the motivation for an official act taken, will defeat a claim of retaliation. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985) ("Challenges to restrictions of first amendment rights must be analyzed in terms of the legitimate policies and goals of the correctional institution in the preservation of internal order and discipline, maintenance of institutional security, and rehabilitation of prisoners."). The burden is thus on plaintiff to allege and demonstrate that legitimate correctional purposes did not motivate the actions by prison officials about which he complains. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("[Plaintiff] must show that there were no legitimate correctional purposes motivating the actions he complains of.").

For all of the above reasons, plaintiff fails to state a cognizable retaliation claim against defendant Diaz. However, plaintiff is granted leave to amend.

---

[3] The second element focuses on causation and motive. See Brodheim, 584 F.3d at 1271. A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent").

E.  Fourteenth Amendment

Plaintiff's complaint includes no factual allegations supporting a Fourteenth Amendment claim.

F.  Unrelated Claims

Pursuant to Federal Rule of Civil Procedure 20(a), individuals may be joined in one action as defendants if any right to relief asserted against them arises out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise in the action. See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Fed. Prac. & Proc. Civ. 3d § 1684 (2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

Because plaintiff asserted no factual allegations as to defendants R. Recarey, Chief Medical Officer, and C. Dthatt, "CNE," it is unclear whether plaintiff can amend to state cognizable civil rights claims against these defendants. However, plaintiff is cautioned that he may only include such claims if they are related to his retaliation claim against defendant Diaz. For example, if plaintiff intends to pursue claims that defendants Recarey or Dthatt were deliberately indifferent to plaintiff's serious medical needs, plaintiff must bring such claims in a separate action because such claims are unrelated to plaintiff's retaliation claim against Diaz.

V.  Leave to Amend

For the above reasons, plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. at 371. Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some

9

affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Request for Counsel

Plaintiff requests that the court appoint counsel. When determining whether to request an attorney to voluntarily represent a prisoner, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). Because plaintiff failed to state a cognizable civil rights claim, the court is unable to determine whether plaintiff's underlying claims have merit; therefore, appointment of counsel is premature.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

1    4. Within thirty days from the date of this order, plaintiff shall complete the attached
2  Notice of Amendment and submit the following documents to the court:
3         a. The completed Notice of Amendment; and
4         b. An original and one copy of the Amended Complaint.
5  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
6  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
7  also bear the docket number assigned to this case and must be labeled "Amended Complaint."
8      Failure to file an amended complaint in accordance with this order may result in the
9  dismissal of this action.
10      5.  Plaintiff's request for the appointment of counsel (ECF No. 1) is denied without
11  prejudice.
12      6. The Clerk of the Court shall send plaintiff the form for filing a civil rights action by a
13  prisoner.
14  Dated:  July 28, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gome1247.14

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>    Defendants. | No.  2:17-cv-1247 JAM KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____            Amended Complaint

                                                              _____
                                                              Plaintiff