UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD GOMEZ,

        Plaintiff,

v.

CDCR, et al.,

        Defendants.

No. 2: 17-cv-1247 JAM KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint. (ECF No. 11.) For the reasons stated herein, the amended complaint is dismissed with leave to file a second amended complaint.

Named as a defendant is R. Diaz. Plaintiff raises three claims against defendant Diaz: retaliation; Eighth Amendment; and Fourteenth Amendment/due process.

Retaliation

*Legal Standard*

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

1

correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v.Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citation omitted).

*Discussion*

Plaintiff alleges that on July 24, 2016, defendant Diaz threatened to retaliate against him "under his or one of his nurses who would take exception of his treatment and redress that exception grievance using an administrative appeal." (ECF No. 11 at 3.) Plaintiff alleges that defendant Diaz threatened to make plaintiff's life difficult or to move plaintiff out of the housing unit, where plaintiff had lived for more than two years. Plaintiff alleges that on August 1, 2016, Correctional Officer Garcia told plaintiff that he had initiated papers to have plaintiff moved from the unit for no reason. Plaintiff alleges that the harassment continued until September 19, 2016, when plaintiff spoke to Lieutenant Thomas.

It appears that plaintiff is claiming that defendant Diaz threatened to retaliate against plaintiff for filing grievances. Plaintiff appears to claim that defendant Diaz made good on his threat to retaliate by having Correctional Officer Garcia start the process to have plaintiff moved from the unit. However, plaintiff has not clearly pled that defendant Diaz told plaintiff that he would retaliate against him for filing grievances. In other words, plaintiff has not pled sufficient facts demonstrating that defendant Diaz threatened to have him moved to a different unit *because* of grievances he filed.

Plaintiff's statement that "under his or one of his nurses who would take exception to his treatment and redress that exception grievance using an administrative appeal," is the only sentence in the amended complaint suggesting that defendant Diaz threatened to retaliate against plaintiff for filing grievances. However, this sentence does not clearly state that defendant Diaz threatened retaliation based on plaintiff's filing of grievances. This sentence is somewhat undecipherable. Accordingly, plaintiff's retaliation claim is dismissed with leave to amend.

If plaintiff is claiming that defendant Diaz threatened to retaliate against him for filing grievances, he shall make this clear in a second amended complaint. To the best of his recollection, plaintiff shall include what defendant Diaz said to him to make him think that he was

threatening to retaliate against him for filing grievances. Plaintiff shall also describe the grievances that allegedly caused defendant Diaz to retaliate against him. Moreover, it appears that plaintiff was not moved – so what harm is plaintiff alleging?

Eighth Amendment

Plaintiff alleges that defendant Diaz's alleged threats violated the Eighth Amendment. The order dismissing the original complaint advised plaintiff that verbal threats, without more, are generally insufficient to state a Section 1983 claim in violation of the Eighth Amendment. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam). Plaintiff's claim that defendant Diaz threatened to make his life difficult and transfer him out of the unit does not state a potentially colorable Eighth Amendment claim. Accordingly, plaintiff should not include an Eighth Amendment claim in a second amended complaint.

Due Process

Plaintiff alleges that defendant Diaz violated his Fourteenth Amendment right to due process. The amended complaint includes no factual allegations supporting a Fourteenth Amendment claim.

Conclusion

Plaintiff's amended complaint is dismissed with leave to file a second amended complaint addressing the pleading defects discussed above with respect to plaintiff's retaliation claim against defendant Diaz.

Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint is dismissed with thirty days to file a second amended complaint; failure to file a second amended complaint within that time will result a recommendation of dismissal of this action.

Dated: January 30, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Gom1247.ame