UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GOMEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants. | No. 2: 17-cv-1247 JAM KJN P<br><br>AMENDED ORDER REFERRING CASE TO POST-SCREENING ADR PROJECT AND STAYING CASE FOR 120 DAYS |

Plaintiff is a state prisoner, proceeding without counsel. On July 12, 2017, the undersigned ordered the U.S. Marshal to serve defendant process on defendant Diaz. On October 15, 2018, defendant Diaz filed the waiver of service form. (ECF No. 26.) On October 18, 2018, the undersigned issued an order referring this action to the Post-Screening ADR Project. (ECF No. 27.) This order was served on plaintiff and Supervising Deputy Attorney General Becker. (Id.)

On November 6, 2018, defendant Diaz filed a response to the October 18, 2018 order referring this action to the Post-Screening ADR Project. (ECF No. 30.) Defendant Diaz states that he is not represented by the Office of the Attorney General. (Id.) Defendant Diaz is represented by private counsel.[1] (Id.) Defendant requests that the court re-issue the October 18,

---

[1] The November 6, 2018 pleading states that California Department of Corrections and Rehabilitation asked private counsel to represent defendant Diaz in this matter, in place of the

1

2018 order, noting the correct representation of defendant Diaz. (Id.)  Defendant Diaz requests that the dates discussed in the October 18, 2018 order run from the date the order is re-issued. (Id.)

Good cause appearing, the undersigned herein re-issues the order referring this action to the Post-Screening ADR Project.  The dates discussed in the order run from the date the order is filed.  On November 2, 2018, plaintiff filed the form indicating that he consents to the undersigned participating in the settlement conference.  (ECF No. 29.)  Plaintiff is not required to resubmit this form.

The undersigned is referring all post-screening civil rights cases filed by pro se inmates to the Post-Screening ADR (Alternative Dispute Resolution) Project in an effort to resolve such cases more expeditiously and less expensively.  Defendant is represented by attorney Thomas A. Cregger.  No defenses or objections shall be waived by counsel's participation.

As set forth in the screening order, plaintiff has stated a potentially cognizable civil rights claim.  Thus, the court stays this action for a period of 120 days to allow the parties to investigate plaintiff's claims, meet and confer, and then participate in a settlement conference.

There is a presumption that all post-screening civil rights cases assigned to the undersigned will proceed to settlement conference.[2]  However, if after investigating plaintiff's claims and speaking with plaintiff, defense counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel may move to opt out of this pilot project.

By filing the attached notice within thirty days, defendant Diaz shall notify the court whether he waives disqualification for the undersigned to hold the settlement conference or whether he requests a different judge.  Failure to timely file such notice will result in the case being set for settlement conference before a different judge.

////

---

Office of the Attorney General.

[2] If the case does not settle, the court will set a date for the filing of a responsive pleading at the conference.

| | |
|---|---|
| 1 | Within thirty days, Thomas A. Cregger shall contact the Courtroom Deputy, Alexandra |
| 2 | Waldrop, at (916) 930-4187, to schedule the settlement conference. If difficulties arise in |
| 3 | scheduling the settlement conference due to the court's calendar, the parties may seek an |
| 4 | extension of the initial 120 day stay. |

Within thirty days, Thomas A. Cregger shall contact the Courtroom Deputy, Alexandra Waldrop, at (916) 930-4187, to schedule the settlement conference. If difficulties arise in scheduling the settlement conference due to the court's calendar, the parties may seek an extension of the initial 120 day stay.

Once the settlement conference is scheduled, at least seven days prior to conference, the parties shall submit to the assigned settlement judge a confidential settlement conference statement. The parties' confidential settlement conference statement shall include the following: (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made to settle the case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action is stayed for 120 days to allow the parties an opportunity to settle their dispute before a responsive pleading is filed, or the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action. The parties shall not engage in formal discovery, but the parties may elect to engage in informal discovery.

2. Within thirty days from the date of this order, defendant Diaz shall file the attached notice, informing the court whether he waives disqualification for the undersigned to hold the settlement conference, or whether he chooses to have the settlement conference held by a different judge.

3. Within thirty days from the date of this order, Thomas A. Cregger shall contact this court's Courtroom Deputy, Alexandra Waldrop, at (916) 930-4187, to schedule the settlement conference.

4. At least seven days prior to the settlement conference, each party shall submit a confidential settlement conference statement, as described above, to the judge assigned for settlement.

////

5. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

6. The Clerk of the Court shall serve copies of (a) plaintiff's amended complaint (ECF No. 16, (b) the screening order (ECF No. 17), and (c) the instant order, on attorney Thomas A. Cregger.

7. The parties remain obligated to keep the court informed of their current address at all times during the stay and while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." See L.R. 182(f).

Dated: December 7, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Gomez1247.adr(2)

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GOMEZ,<br><br>        Plaintiff,<br><br>  v.<br><br>CDCR, et al.,<br><br>        Defendants. | No. 2: 17-cv-1247 JAM KJN P<br><br>NOTICE RE: JUDGE ELECTION FOR SETTLEMENT CONFERENCE (POST-SCREENING ADR PROJECT) |

1. As required by court order, the parties notify the court of the following election:

\_\_\_\_ Pursuant to Local Rule 270(b) of the Eastern District of California, the party signing below affirmatively requests that the assigned Magistrate Judge participate in the settlement conference and, further, waives any claim of disqualification of the assigned Magistrate Judge on that basis thereafter. This waiver is not to be construed as consent to the Magistrate Judge's jurisdiction under 28 U.S.C. § 636(c)(1).

        **OR**

\_\_\_\_ The party signing below requests that a different judge hold the settlement conference.

DATED:

                                              _____
                                            Counsel for Defendant