UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GOMEZ,<br><br>               Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>               Defendants. | No. 2: 17-cv-1247 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the second amended complaint filed April 2, 2018 against defendant Diaz. (ECF No. 16.) Pending before the court is plaintiff's motion for leave to file a third amended complaint. (ECF No. 53.) Although defendant Diaz has not opposed this motion, for the reasons stated herein, plaintiff's motion to amend is denied without prejudice.

Federal Rule of Civil Procedure 15(a) governs the motion, and provides:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion to dismiss under Rule 12(b), (c), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its

1

pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Because plaintiff is proceeding on a second amended complaint, he may file an amended complaint by leave of court or with defendant's consent.

A motion for leave to amend must "state with particularity the grounds therefor and shall set forth the relief or order sought." Fed. R. Civ. P. 7(b)(1); Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 1485 ("A motion to amend under Rule 15(a) ... is subject to the requirements of Rule 7(b), and must set forth with particularity the relief or order requested and the grounds supporting the application").

While plaintiff filed a motion for leave to amend, the motion does state with particularity the grounds for the motion to amend. In other words, plaintiff does not describe how his proposed third amended complaint is different from the second amended complaint. For this reason, the motion to amend is denied.

As discussed herein, after comparing the second amended complaint and proposed third amended complaint, the changes plaintiff seeks to make in the proposed third amended complaint are unclear.

In the second amended complaint, plaintiff alleges that on July 24, 2016, defendant Diaz threatened to retaliate against plaintiff and other inmates in the common area if they continued to write staff misconduct complaints against his nursing staff. (ECF No. 16 at 3.) Defendant Diaz stated, "If you inmates write another appeal on me or one of my nurses I will make living here in this unit very difficult or I will even move you out of the unit." (Id.)

Plaintiff alleges that within one week of defendant Diaz's threat to retaliate, Correctional Officer Garcia told plaintiff that he had initiated paperwork to have plaintiff moved from the housing unit. (Id.)

On September 19, 2016, Correctional Lieutenant Thomas interviewed plaintiff regarding the threats made to plaintiff by defendant Diaz and Officer Garcia. (Id.) Plaintiff alleges that the threats and harassment temporarily stopped after plaintiff spoke with Correctional Lieutenant

2

| | |
|---|---|
| 1 | Thomas. (Id.) |
| 2 | Plaintiff alleges that Nurse Harper interviewed three other witnesses and plaintiff |
| 3 | regarding the administrative appeal filed regarding the threats. (Id. at 4.) |
| 4 | Plaintiff alleges that not long after defendant Diaz made the threats to plaintiff, defendant |
| 5 | Diaz and the Certified Nursing Assistants began retaliating against plaintiff by depriving him of |
| 6 | medical treatment. (Id.) Plaintiff alleges that defendant Diaz and Nurse Limpiado refused to |
| 7 | replace plaintiff's foley internal catheter. (Id.) As a result, plaintiff suffered from a distended |
| 8 | bladder, sweating and muscle spasms. (Id.) |
| 9 | Plaintiff also alleges that in retaliation, Nursing Assistants Saber, Dagne and Johnson |
| 10 | delayed in changing his adult diapers. (Id.) Plaintiff cannot change his adult diapers without |
| 11 | assistance due to his paralysis. (Id.) Plaintiff complained about these incidents to defendant Diaz |
| 12 | to no avail. (Id.) |
| 13 | Plaintiff alleges that the alleged deprivations of adequate medical care were a direct |
| 14 | consequence of falling into disfavor with defendant Diaz after the staff complaint/appeal plaintiff |
| 15 | wrote regarding defendant's threats. (Id.) |
| 16 | The proposed third amended complaint contains the same allegations as the second |
| 17 | amended complaint but for the claim that defendant Diaz and Nurse Limpiado refused to replace |
| 18 | plaintiff's foley catheter. It is not clear whether plaintiff intentionally omitted this claim. |
| 19 | In addition, it appears that plaintiff is attempting to name new defendants in the proposed |
| 20 | third amended complaint. While plaintiff clearly names defendant Diaz in the proposed third |
| 21 | amended complaint, he also requests that "all defendants be served by U.S. Marshall's." (ECF |
| 22 | No. 53 at 8.) However, plaintiff does not clearly identify the new defendants. |
| 23 | The proposed third amended complaint also seeks punitive and compensatory damages of |
| 24 | $125,000. (Id. at 8.) However, the second amended complaint seeks punitive and compensatory |
| 25 | damages of $150,000. (ECF No. 16 at 6.) It is unclear whether plaintiff intended to reduce the |
| 26 | amount of damages sought. |
| 27 | If plaintiff files another amended complaint, he shall describe his proposed amendments in |
| 28 | the motion to amend. |

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to file a third amended complaint (ECF No. 53) is denied without prejudice.

Dated: August 1, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Gom1247.ame(ord)