UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GOMEZ, | No. 2: 17-cv-1247 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| CDCR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed February 28, 2020, the undersigned directed plaintiff to file a pretrial statement on or before May 16, 2020. (ECF No. 66.) Plaintiff did not file a pretrial statement. Accordingly, on May 27, 2020, the undersigned recommended that this action be dismissed. (ECF No. 68.)

In response to the findings and recommendations, on June 12, 2020, plaintiff filed a motion to modify the scheduling order. (ECF No. 69.) Defendant has not opposed this request.

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was

1

1    not diligent, the inquiry should end.  Id.

2        In the motion to modify the scheduling order, plaintiff alleges that he believed that the
3    courts were "all on hold" for 30 days, except for essential cases.  Plaintiff also alleges that due to
4    the COVID 19 crisis, prisoners are not allowed to leave the unit and do not have physical access
5    to the law library.  Plaintiff also alleges that prisoners do not have any "ADA" workers to assist
6    with writing.  Plaintiff alleges that he has been diligent in this action.  Plaintiff requests a thirty
7    days extension of time to file a dispositive motion.

8        To put plaintiff's motion to modify the scheduling order in context, the undersigned
9    observes that on August 2, 2019, he issued a scheduling order setting February 14, 2020, as the
10   deadline for filing dispositive motions.  (ECF No. 56.)  Neither party filed a dispositive motion on
11   or before February 14, 2020.  Accordingly, on February 28, 2020, the undersigned issued a
12   further scheduling order, setting the pretrial conference and jury trial.  (ECF No. 66.)  In this
13   order, the undersigned directed plaintiff to file his pretrial statement on or before May 16, 2020.
14   (Id.)

15       In the pending motion, plaintiff does not discuss when his inability to access to the law
16   library and ADA workers began.  Plaintiff also does not allege when he came to believe that the
17   courts were on hold for 30 days, except for essential cases.  While these conditions may have
18   prevented plaintiff from filing a timely pretrial statement, plaintiff has not demonstrated how
19   these conditions prevented him from filing a timely dispositive motion on or before the February
20   14, 2020 deadline.  Accordingly, the undersigned finds that plaintiff has not shown good cause to
21   modify the scheduling order to grant him an extension of time to file a dispositive motion.

22       However, the undersigned finds that plaintiff has shown good cause to vacate the pending
23   findings and recommendations and grant him an extension of time to file a pretrial statement.

24       Accordingly, IT IS HEREBY ORDERED that:
25       1. The May 27, 2020 findings and recommendations (ECF No. 68) are vacated;
26       2. Plaintiff's motion to modify the scheduling order (ECF No. 69) is granted in part and
27          denied in part; plaintiff's request for an extension of time to file a dispositive motion is
28          denied; plaintiff is granted forty-five days from the date of this order to file a pretrial

2

statement; failure to file a pretrial statement within that time will result in a recommendation of dismissal of this action.

Dated:  July 10, 2020

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

Gom1247.mod